# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| REBECCA TIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 13-0317-CG-C |
| | ) |
| ORLANDO DALE, et. al. | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Chief Jason Dean's ("Defendant Dean") and the City of Atmore's (the "City") (collectively, "Defendants") motion for summary judgment (Doc. 38) and supporting exhibits, along with Plaintiff's response in opposition (Doc. 41) and supporting exhibits, and Defendants' reply (Doc. 53). Upon consideration and for the reasons set forth below, the Court finds that Defendants' motion for summary judgment is due to be **GRANTED**.

**FACTUAL BACKGROUND**

In the early morning hours of June 16, 2011, police officer Orlando Dale ("Officer Dale") picked up Rebecca Tims ("Plaintiff") when her car ran out of gas (Doc. 41, p. 1). After Plaintiff got into Officer Dale's police car, he drove her down a dark dirt road and forced her to perform oral sex on him (Doc. 41, p. 1). This incident formed the basis of Plaintiff's lawsuit, (Doc. 1) which alleges causes of action against Officer Dale, police chief Jason Dean

and the City of Atmore. The Court previously entered default judgment against Officer Dale, but Defendant Dean and the City are not bound by that judgment (Doc. 30).

In her complaint, Plaintiff alleges Defendant Dean's deliberate indifference to hiring and lack of supervising Officer Dale directly and proximately caused violations of her First, Fourth, and Fourteenth Amendment rights (Doc. 1, p. 5). Plaintiff alleges the City of Atmore should also be held liable under 42 United States Code Section 1983 for Dale's constitutional violations (Doc. 1, p. 6).

To support her claims, Plaintiff notes that in April 2011 Katie Ruth Tims told two City of Atmore police officers about an incident involving Officer Dale and her daughter, Breona (Doc. 41, p. 3; Exhs. 2, 3). On a separate occasion, also in April 2011, Katie Ruth Tims personally told Defendant Dean that she did not like Officer Dale talking to her daughter (Doc. 41, p. 5). After hearing this complaint, Defendant Dean questioned Officer Dale about his interaction with Breona (Doc. 41, p. 5; Doc. 53, Exh. 1, p. 7). Officer Dale told Defendant Dean that he only spoke with Breona as she walked along the side of the road (Doc. 41, p. 5; Doc. 53, Exh. 1, p. 7). Defendant Dean maintains that he never learned Officer Dale's exchange with Breona was sexual in nature (Doc. 53, Exh. 1, p. 7), while Katie Ruth Tims and Breona contend that they told him Officer Dale propositioned Breona for sex (Doc. 41, Exhs. 2, 3). Katie Ruth Tims and Breona never filed

2

a formal complaint about Officer Dale with the Atmore police department or the City (Doc. 38, Exh. 3; Doc. 53, Exh. 1, pp. 7 - 8).

On or about June 17, 2011, Plaintiff reported her encounter with Officer Dale to the Atmore police department (Doc. 41, p. 2). After learning about Plaintiff's complaint, Defendant Dean told Officer Dale that he would face disciplinary action (Doc. 53, Exh. 1, p. 8). Officer Dale then resigned from the police force (Doc. 53, Exh. 1, p. 8).

Based on these facts, Defendants now move the Court for summary judgment on Plaintiff's claims, arguing 1) a municipality cannot be held liable for the intentional torts of its employees (Doc. 38, p. 14), 2) Plaintiff failed to identify an official city policy or custom that caused her injuries as required for Section 1983 liability, (Doc. 38, p. 5), 3) Defendant Dean did not act with deliberate indifference or negligently hire, train, or supervise Officer Dale (Doc. 38, p. 17), and 4) the evidence does not show a history of widespread abuse by Defendant Dean or the City (Doc. 53, p. 10).

## SUMMARY JUDGMENT STANDARD

The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "The mere existence of some

evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52. The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds might differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Id. (citations omitted).

Once the movant satisfies his initial burden under Rule 56(a), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Co., 32 F.3d 520, 524 (11th Cir. 1994) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). The non-

4

moving party may not rely merely on allegations or denials in its own pleading; rather, its response, "by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 884 (1990). "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).

## LEGAL ANALYSIS

### A. Vicarious Liability and Intentional Torts

Municipalities are persons within the meaning of Section 1983, but Section 1983 liability does not rest on a respondeat superior theory. Okla. City v. Tuttle, 471 U.S. 808, 817–18 (1985). As a result, "a municipality may not be held liable under Section 1983 solely because it employs a tortfeasor." Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 403 (1997). Alabama law further provides that a city is generally not liable for the intentional torts of its employees. See Doe v. City of Demopolis, 799 F. Supp. 2d 1300, 1309 (S.D. Ala. 2011).

The parties do not dispute that Officer Dale committed an intentional tort (Doc. 38, p. 14). In her response, Plaintiff concedes that municipalities may not be held liable for constitutional deprivations on the theory of respondeat superior (Doc. 41, p. 8). The Court, therefore, turns to whether

Defendants' liability can be established through showing government conduct caused Plaintiff harm. See Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011).

**B. Municipal Policy or Custom Requirement**

Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that action pursuant to official municipal policy or custom caused their injury. Id. Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body, or of those officials whose acts may fairly be said to be those of the municipality. McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004) (citations omitted). Similarly, an act performed pursuant to a "custom" may subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law. Bryan Cnty., 520 U.S. at 403-04. To have this effect, the custom must be created by those whose edicts or acts may fairly be said to represent official policy. Fundiller v. City of Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985) (citations omitted). The policy or custom requirement prevents the imposition of liability based upon an isolated incident. See Depew v. City of St. Marys, 787 F.2d 1496, 1499 (11th Cir. 1986) ("Normally, random acts or isolated incidents are insufficient to establish a custom or policy"). Rather, the incident must result from a demonstrated practice.

The evidence does not show that Officer Dale acted pursuant to an

6

established policy or custom. The City and Defendant Dean did not adopt a policy or create a custom that allows its officers to rape or sexually assault its citizens. See Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997) ("Obviously, the Town has no policy commanding its officers to barter arrests for sexual favors. Likewise, the Town has no custom of allowing such behavior on the part of its officers."). Defendant Dean took Katie Ruth Tims' complaint seriously, and questioned Officer Dale about his interaction with Breona. Defendants did not condone Officer Dale's behavior; to the contrary Defendant Dean told Officer Dale that he would face disciplinary actions promptly after Plaintiff filed her complaint. Accordingly, Defendants are not liable under Section 1983 for misconduct pursuant to an established municipal policy or custom.

### C. Deliberate Failure to Train

Municipal liability also may be based on a claim of inadequate training "where a municipality's failure to train its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants [such that the failure to train] can be properly thought of" as an actionable city policy or custom. City of Canton v. Harris, 489 U.S. 378, 389 (1989). A city is not automatically liable under Section 1983 even if it inadequately trained or supervised its police officers and those officers violated a plaintiff's constitutional rights. Connick, 131 S. Ct. at 1359. Instead, to establish a Section 1983 claim based on a policy or custom of inadequate training,

7

plaintiffs bear "the burden of proving both (1) that [Defendants were] deliberately indifferent to the need to train [its police officers], and (2) that the lack of training actually caused the violation[s]." Connick, 131 S. Ct. at 1358.

To establish "deliberate indifference," a plaintiff must present some evidence that the municipality or supervisor knew of a need to train or supervise in a particular area and the municipality made a deliberate choice not to take any action. Gold v. City of Miami, 151 F.3d 1346, 1350-51 (11th Cir. 1998) (citations omitted). Accordingly, a plaintiff must show a defendant had actual or constructive notice of a need to train or supervise in a particular area; otherwise liability based on a failure to train and supervise does not follow. Id. (citations omitted); see also Bell v. City of York, Ala., 7:09-CV-0694-SLB, 2013 WL 1352022 (N.D. Ala. 2013) (plaintiff must show defendant knew corrective measures were needed and refused to apply the corrective measures, or that the violation of federal rights was highly predictable). In Brooks v. Scheib, for example, even though ten citizens filed complaints about a police officer's misconduct, the court concluded that the City did not have any notice of past police misconduct because plaintiff "never demonstrated that past complaints of police misconduct had any merit" and the number of complaints had "no relation to their validity." 813 F.2d 1191, 1193 (11th Cir. 1987).

Plaintiff's failure to create a fact issue as to deliberate indifference and

8

the adequacy of Defendants' training program dooms her claim for liability based on failure to train. Defendants' awareness of past misconduct is key for such a claim, and in this case a lone complaint about Officer Dale's sexually charged conversation with Breona did not put Defendants on notice that Officer Dale might later use force and sexually assault a citizen. The facts further show that the City never learned about Katie Ruth Tims' complaint. Moreover, Plaintiff provides no evidence of any flawed hiring practices to establish that Defendants acted with deliberate indifference when they hired Officer Dale. Because there is no evidence showing Defendants had actual or constructive notice that Officer Dale might sexually assault a citizen, a jury could not find Defendants acted with deliberate indifference for failure-to-train liability.

Additionally, Plaintiff failed to identify any specific deficiency in Defendants' training programs that caused the violation in this case. Ordinarily, municipal liability based on a failure-to-train theory requires the plaintiff to show additional training would have been helpful in making difficult decisions, <u>Connick</u>, 131 S. Ct. at 1363, but a difficult decision is not at issue here. Officer Dale violated an obvious right when he assaulted Plaintiff; he was not faced with a difficult situation in which more training would have been helpful. Officer Dale knew that police officers are not authorized to assault the citizenry, and yet he deliberately engaged in wrongful conduct. Accordingly, Defendants are not liable under Section 1983

based on deliberate indifference or a failure to train.

**D. Single-Incident Liability or Obvious Need**

In a narrow range of circumstances a city may be liable under Section 1983 based on a single incident. Connick, 131 S. Ct. at 1361. Where a lone violation makes it so "obvious" that there is a need for training, this showing of "obviousness" can substitute for the pattern of violations ordinarily necessary to establish municipal culpability. Id.

The obvious need for training police officers to refrain from sexually assaulting the public is not present here. Plaintiff has not argued or presented any evidence upon which the Court could infer that Officer Dale or other officers are unfamiliar with federal and state laws prohibiting sexual assault, or that such individuals, in the absence of training, had no way to acquire that knowledge. To this end, recurring constitutional violations are not the "obvious consequence" of failing to provide officers with formal training about how to keep from sexually assaulting citizens. Bryan Cnty., 520 U.S. at 409. Defendants are not liable under Section 1983 as the result of this single incident with Officer Dale.

**E. Supervisory Liability for Fourteenth-Amendment Claim**

Defendants move to dismiss Plaintiff's claims for supervisory liability, which are Section 1983 claims pleaded as violations of equal protection under the Fourteenth Amendment. Plaintiff cannot show that Defendant Dean is liable in his individual capacity under a theory of supervisory liability.

10

"Supervisory liability under Section 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). "The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Id. (quotations omitted). The causal connection can also be established when 1) the supervisor's improper "custom or policy … resulted in deliberate indifference to constitutional rights," or 2) "by facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Gonzalez v. Reno, 325 F.3d 1228, 1234 - 35 (11th Cir. 2003) (citations omitted).

Plaintiff did not present evidence showing a causal connection between Defendant Dean's actions and her constitutional deprivation. First, Plaintiff shows no history of widespread abuse that put Defendant Dean on notice that Officer Dale might commit sexual assault. One complaint, alleging that Officer Dale propositioned a citizen for sex, does not amount to widespread abuse. Second, as discussed above, Defendant Dean did not establish a custom or policy allowing officers to commit sexual assault. Defendant Dean took Katie Ruth Tims' complaint seriously and questioned Officer Dale about

11

the incident. Defendant Dean also informed Officer Dale that he would face disciplinary action after Plaintiff filed her complaint against him. Defendant Dean acted on both complaints. Finally, the facts do not show that Defendant Dean knew Officer Dale would sexually assault Plaintiff. Although Katie Ruth Tims' complaint may have alerted Defendant Dean to the need to monitor Officer Dale's interactions with the public more carefully, this does not amount to knowing Officer Dale would sexually assault a member of the public. Once Defendant Dean learned about Plaintiff's complaint, he confronted Officer Dale and Dale resigned. Defendants are not liable under a theory of supervisory liability.

**F. Abandoned First- and Fourth-Amendment Claims**

Plaintiff alleged in her complaint that Defendants violated her First- and Fourth-Amendment rights (Doc. 1, pp. 5 - 6). In her response to Defendants' motion for summary judgment, however, Plaintiff only addresses Defendants' liability for violating her Fourteenth-Amendment rights. In opposing a motion for summary judgment, a party may not rely on her pleadings to avoid judgment against her. Grounds alleged in the complaint but not relied on in summary judgment are deemed abandoned. ADR Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995). Here, Plaintiff did not respond to Defendants' motion for summary judgment on the First- and Fourth-Amendment claims. Therefore, she has abandoned them.

## CONCLUSION

After careful consideration, the Court finds that there are no genuine disputes regarding any material facts and the movant is entitled to summary judgment as a matter of law. After viewing the evidence in a light most favorable to the non-moving party, Plaintiff has not established Defendants' liability under Section 1983. Accordingly, the Defendants' motion for summary is hereby **GRANTED**.

**DONE** and **ORDERED** this 13th day of August, 2014.

      /s/ Callie V.S. Granade
**UNITED STATES DISTRICT JUDGE**